UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT PRITCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-293-TAV-HBG |
| | ) | |
| PORTFOLIO RECOVERY ASSOC., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Entry of Order Compelling Adequate and Complete Discovery Responses from Defendant [Doc. 26]. This motion is fully briefed, [see 26, 27, 30, 37], and the parties appeared before the undersigned on September 2, 2015 to present oral arguments on this matter. Attorneys Alan Lee and Brent Snyder were present representing the Plaintiff, and Attorney Scott C. Borison was present, via telephone, representing the Plaintiff. Attorneys John O'Shea Sullivan and Ryan Hebson were present representing the Defendant.

Consistent with the Court's initial comments at the hearing, a brief review of the spirit, purpose, and parameters of Rule 26 of the Federal Rules of Civil Procedure is appropriate. Rule 26(g) requires that an attorney of record sign every discovery request, response, or objection. Fed. R. Civ. P. 26(g)(1). The comments to the rule explain the policy behind this requirement:

> Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the

> imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. . . . [I]t is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection.

Fed. R. Civ. P. 26(g), comments to 1983 Amendments. The signature requirement is meant both to curb "kneejerk discovery requests served without consideration of cost or burden to the responding party" and to end the "equally abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis." Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008).

In this case, it appears to the Court that the parties have failed to reflect on their discovery requests and responses. Instead, the Plaintiff has served numerous requests that do not consider either the vast scope of the request or the cost of compliance and, further, fail to consider the parties' own agreement about the limited scope of discovery at this juncture. For its part, Defendant has responded with generalized, boilerplate objections strung together in a manner that renders them almost nonsensical, and yet, after Defendant states its "kneejerk" objections, it then, for the most part, gives the information sought. Simply put, the discovery practices demonstrated in this case embody the precise behaviors that Rule 26 is meant to prevent, and if this pattern continues following entry of the instant Memorandum and Order, sanctions will issue.

In preparation for the hearing, the undersigned reviewed the parties various filings on this issue, which with exhibits totaled 186 pages. However, when the parties appeared before the undersigned, Plaintiff's counsel represented that the Defendant's supplemental responses to discovery resolved the majority of Plaintiff's concerns. The Court afforded the parties an

2

Case 3:14-cv-00293-TAV-HBG   Document 41   Filed 09/04/15   Page 2 of 4   PageID #: 604

opportunity to be heard on the specific requests and objections that remained at issue. Having considered the parties' positions with regard to these requests and objections, the Court **FINDS** and **ORDERS** as follows:

1. Defendant is **ORDERED** to revise its response to Interrogatory No. 2 to make it as straightforward as possible and to supplement its response thereto as necessary.
2. Requests for Production Nos. 11 and 13 are **DEEMED** to be premature.
3. Defendant is **ORDERED** to supplement its response to Request for Production No. 10 and to supplement its response to any similar requests for production of policy documents that may be relevant to the issue of certification under Rule 23 of the Federal Rules of Civil Procedure.
4. With regard to the purchase/sale agreement discussed at the hearing, the Court declines to order the Defendant to produce an unredacted copy of the agreement. The Court's decision is based upon the proffer by defense counsel stating that the redactions in the document removed financial terms between the parties and that these financial terms are not relevant to the issues in this case – *e.g.* the undisclosed charging of interest.
5. The Court reserves judgment on whether any supplemental depositions will be permitted. The Plaintiff can present the request to reopen any specific depositions as he deems appropriate within the time permitted under any Scheduling Orders that may be entered.

6. Consistent with the above, the Motion for Entry of Order Compelling Adequate and Complete Discovery Responses from Defendant **[Doc. 26]** is **GRANTED IN PART** and **DENIED IN PART.** The Court finds that it is not appropriate to award fees or costs at this time. See Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge