UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT PRITCHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-293-TAV-HBG |
| ) | |
| PORTFOLIO RECOVERY ASSOC., LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Certify a Class, Appoint Plaintiff as Class Representative and His Counsel as Class Counsel [Doc. 44]. The Defendant filed a Response [Doc. 53] in opposition to the Plaintiff's Motion, and the Plaintiff filed a Reply [Doc. 59]. The parties appeared before the Court on December 10, 2015, for a motion hearing. Attorneys Alan C. Lee, Brent Synder, and Scott Borison were present on behalf of the Plaintiff. Attorney John O'Shea Sullivan was present on behalf of the Defendant.

The District Judge then took under consideration a Motion to Dismiss and a Motion to Stay the Case filed by the Defendant. On February 10, 2016, the District Judge denied both of those motions [Doc. 63]. On March 1, 2016, the undersigned held a status conference on the present motion [Doc. 64]. The motion is now ripe for report and recommendation.

For the reasons fully explained below, the Court **RECOMMENDS** that the Plaintiff's Motion to Certify a Class, Appoint Plaintiff as Class Representative and His Counsel as Class Counsel [**Doc. 44**] be **DENIED**.

I.     BACKGROUND

The Plaintiff filed suit [Doc. 1] on June 26, 2014, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Subsequently, on August 8, 2014, the Plaintiff filed a First Amended Class Action Complaint [Doc. 7] ("Amended Complaint"). The Amended Complaint alleges that the Defendant is engaged in the business of purchasing defaulted consumer debts and attempting to collect the debts by telephone calls, collection letters, credit reporting and collection lawsuits. The Plaintiff avers that the Defendant purchased his alleged credit card debt that was owned by FIA Card Services, N.A./MBNA ("FIA"). FIA allegedly waived interest and/or fees on the Plaintiff's credit card debt after the debt was charged-off, meaning that the credit card receivable is no longer carried on a bank's books as an asset. The Plaintiff states that FIA charged off his debt sometime prior to September 30, 2011.

The Amended Complaint alleges that after the Defendant purchased the debt from FIA, the Defendant filed a lawsuit against the Plaintiff to collect. However, the Defendant communicated to Experian, a consumer credit reporting agency, that the Plaintiff owed more than what the lawsuit alleged. The Plaintiff states that when the Defendant sent letters demanding payment, it applied pre-judgment interest and/or other fees. The Plaintiff avers that the Defendant's actions in attempting to collect the debt and charging interest on the debt violated multiple provisions of the FDCPA.

## II. POSITIONS OF THE PARTIES

The Plaintiff moves [Doc. 44] to certify a class of plaintiffs to try the claims presented. The Plaintiff's proposed class consists of the following persons:

> (a) All persons sued by PRA;
>
> (b) In Tennessee Courts;
>
> (c) In the one year proceeding the filing of this action;
>
> (d) For an alleged amount less than the amounts claimed to be due by PRA in demand letters or credit reports.

[Doc. 45 at 2].

The Plaintiff maintains that all of the requirements pursuant to Federal Rule of Civil Procedure 23(a) are met by the proposed class and that the class is properly certified under Rule 23(b)(3). In support of this position, the Plaintiff argues that there are at least 50 persons who were affected by the Defendant's actions, there is a common legal issue, he can assert the same important common, controlling issue, and both Plaintiff and his counsel can adequately represent the proposed class. Finally, the Plaintiff argues that the issue in this case of adding interest to accounts predominates over other issues and that a class action is superior to other methods.

The Defendant filed a Response [Doc. 53] objecting to the Plaintiff's Motion. The Defendant argues that the Plaintiff's putative class is not adequately defined or clearly ascertainable and that the proposed class does not satisfy Rule 23(a). Finally, the Defendant asserts that the putative class does not satisfy the predominance and superiority requirements of Rule 23(b)(3).

The Plaintiff filed a Reply [Doc. 59] arguing that Defendant's contention that issues involving the merits should be considered in the class definition leads to the creation of an

impermissible fail-safe class. The Plaintiff reiterates that he has established good grounds for class certification pursuant to Rule 23.

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 23 governs class actions. In pertinent part, Rule 23 directs that a class may be certified for litigation of claims where:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to the above requirements, "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 537-38 (6th Cir. 2012) (quoting 5 James W. Moore et al., Moore's Federal Practice § 23.21[1] (Matthew Bender 3d ed. 1997)). The Sixth Circuit has made clear that the proposed class "must be susceptible of precise definition." Id. (quoting 5 James W. Moore, supra at 4).

Further, a class action may be maintained, in relevant part, only where:

> (1) [Omitted];
>
> (2)[Omitted]; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

4

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. (b)(3).[1]

"The party seeking the class certification bears the burden of proof." In re Am. Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996); see also Senter v. Gen. Motors Corp., 532 F.2d 511, 522 (6th Cir. 1976). Before certifying a class, a district court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met. In re Am. Med. Sys. Inc., 75 F.3d at 1078-79 (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 162 (1982)). "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, [will] not be overturned absent a showing of abuse of discretion." Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir. 1988).

## IV. ANALYSIS

The Court has reviewed the parities' filings and the oral arguments. With the above analysis in mind, the Court finds that the Plaintiff has not satisfied the prerequisites for class certification.

As an initial matter, the Court finds that the Plaintiff's proposed definition is problematic. Specifically, the Plaintiff failed to establish that his class is sufficiently definite so that it is administratively feasible to determine whether a member is part of the proposed class. See

---

[1] The Plaintiff moved for class certification pursuant to Rule 23(b)(3), and therefore, the Court has omitted the other statutory provisions.

Young, 693 F.3d at 537-38. The Plaintiff does not address this issue in his Motion, but in his Reply Brief [Doc. 59 at 12] he asserts, "Determining whether they were charged interest and whether PRA made reports to a credit reporting agency can easily be determined in a cursory review of its PRA net records." See Karhu v. Vital Pharmaceuticals, 621 Fed. App'x 945, 948 (11th Cir. 2015) ("A plaintiff cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible."). The Court notes that this "cursory review" would not be sufficient to determine class eligibility since it fails to consider whether the Defendant sued individuals for less than it demanded or reported to credit agencies as required by the class definition. See Zarichny v. Complete Payment Recovery Services, Inc., 80 F. Supp. 3d 610, 625 (E.D. Penn. Jan. 21, 2015) (explaining that if "class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate") (quoting Marcus v. BMW of North America, LLC, 687 F.3d 583, 593 (3d Cir. 2012)).

In addition, it appears that the proposed class is overly broad, because there are other reasons, irrelevant to the accrual of interest, that the Defendant sued for less than what was reported or demanded. For instance, as the Defendant emphasized, some debtors paid down their debts after it sent a collection letter or reported their account to credit bureaus. Thus, the proposed definition would include individuals who were not charged post-charge interest—the crux of Plaintiff's claim. As such, the class would include individuals who were not harmed by Defendant. See Modern Holdings, LLC v. Corning Inc., No. 13-405, 2015 WL 1481459, at *3 (E.D. Ky. Mar. 31, 2015) (noting that "a class definition is overbroad 'if it would include members who have not suffered harm at the hands of the Defendant. . . .'") (quoting Chaz

6

Concrete Co., LLC v. Vodell, No. 3:03-52, 2006 WL 2453302, at *6 (E.D. Ky. Aug. 3, 2006)) (other citations and quotations omitted).

In any event, even if the Plaintiff's proposed class was sufficiently defined, the Court finds that the Plaintiff has not established the elements pursuant to Rule 23(a). Specifically, the Court finds that the Plaintiff has failed to establish: impracticality of joinder, Fed. R. Civ. P. 23(a)(1); commonality, Fed. R. Civ. P. 23(a)(2); typicality, Fed. R. Civ. P. 23(a)(3), or adequacy of representation, Fed. R. Civ. P. 23(a)(4). Furthermore, for the reasons explained below, the Court finds that the Plaintiff has not satisfied the criteria outlined in Rule 23(b).

**A.     Rule 23(a)**

Under Rule 23, the Plaintiff must demonstrate each of the four prerequisites contained in subsection (a). As mentioned above, the Court finds that the Plaintiff has not demonstrated: numerosity, commonality, typicality, or adequacy of representation. The Court will address each below.

*1.    Numerosity*

Under part (a)(1) of Rule 23, persons moving for class certification must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. In re Am. Med. Sys. Inc., 75 F.3d at 1079 (citing Senter, 532 F.2d at 522). The "exact number of class members need not be pleaded or proved," but "impracticability of joinder must be positively shown, and cannot be speculative." McGee v. East Ohio Gas Co., 200 F.R.D. 382, 389 (S.D. Ohio 2011). "Apart from class size, other case-specific factors that courts should consider in determining whether joinder is impracticable include: the judicial economy, the geographical dispersion of class members, the ease of identifying putative class members, and

7

the practicality with which individual putative class members could sue on their own." Cannon v. GunnAllen Fin., Inc., No. 3:06-0804, 2008 WL 4279858 (M.D. Tenn. Sept. 15, 2008) (citing Alba Conte & Herbert Newberg, 1 Newberg on Class Actions § 3:6 (4th ed. 2003)).

In the present matter, the Plaintiff has not established that joinder is impracticable. The Plaintiff's argument focuses on the potential size of the class but fails to articulate why joinder is impracticable. "While large numbers may, in many cases, indicate impracticability of joinder, numbers are not a perfect predictor. Rather than naming a specific number, Rule 23 places the size of the class in the context of actual impracticability of joinder." Turnage v. Norfolk Southern Corp., 307 Fed. App'x 918, 921 (6th Cir. 2009); see also Hum v. Dericks, 162 F.R.D. 628 (D. Haw. 1995) (finding joinder of members of proposed class of 200 persons was not "impracticable," where most class members were residents of state and could be identified through medical records); United Steelworkers of Amer., Ect., Local 8024 Union v. Jarl Extrusions, 405 F. Supp. 302 (E.D. Tenn. 1975) (Neese, J.) (finding joinder was not impracticable where 85 employees were all residents of the jurisdiction). Here, the Plaintiff has not identified why joinder would be impracticable.

Moreover, the Court finds the Plaintiff's alleged class size, at least 50 but as many as 13,600, to be speculative. The Plaintiff submits that there are at least fifty individual accounts that Defendant pursued as collectible. This, however, is only one of the four elements required to join the Plaintiff's proposed class. The Plaintiff defines the class, in part, as individuals sued "for an alleged amount less than the amounts claimed to be due by PRA in demand letters or credit reports." While it may be true that the Defendant filed more than fifty lawsuits, the Plaintiff has not presented any evidence that the Defendant sued other individuals for an amount less than what Defendant reported or demanded was owed, other than on his own account.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate that the proposed class members are "so numerous that joinder of all members [would be] impracticable." Fed. R. Civ. P. 23(a)(1).

2. *Commonality*

The Court finds that the Plaintiff has failed to meet the commonality requirement. As mentioned above, Rule 23(a) requires that the Plaintiff establish that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a). The commonality requirement requires a showing that class members "have suffered the same injury." Gen. Tel. Co. v. Falson, 457 U.S. 147, 157 (1982). The Supreme Court has explained that the proposed class claims must "depend upon a common contention" that is "of such a nature that it is capable of class wide resolution- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2545 (2011).

The Plaintiff asserts that the "common legal issue at the heart of this case is whether or not PRA acted illegally when it chose to communicate the balance of accounts it acquired with the interest it added after it acquired the account." [Doc. 45 at 4]. Resolution of this legal issue will not conclude the case because the act of adding interest on accounts is not a prerequisite to joining the class. While adding interest is at the root of the Plaintiff's allegations, he failed to define the class in a way that makes interest accrual relevant for everyone in the class. Stated in a different way, the Plaintiff cannot show that he suffered the same injury as other class members. This is the only legal question that the Plaintiff has identified, and the Court finds that it is not common to all potential litigants.

9

Moreover, as the Defendant highlights, even if this issue was common with respect to the proposed class, a decision for Plaintiff would not necessarily resolve the issue for others. In determining whether the Defendant acted illegally when it communicated the account balance with interest would require the Court to review each agreement between the original creditor and the Defendant to determine whether charging interest was authorized. Accordingly, the Court finds the Plaintiff's argument not well-taken.

3.  *Typicality*

Federal Rule of Civil Procedure 23(a)(3) requires the Plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." As the Supreme Court stated in Dukes, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." 131 S. Ct. at 2551, n. 5. "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" Beattie v. Century Tel., Inc., 511 F.3d 554, 561 (6th Cir. 2007) (quoting In re Am. Med. Sys. Inc., 75 F.3d at 1082).

The problems with the commonality requirement carry over into the problems with typicality. As the Defendant emphasizes, the Plaintiff premises his claim on the illegality of charging post-charge off interest. The class definition, however, includes individuals who were sued for less than demanded or reported, irrelevant as the reasons why they were sued for less and whether they were even charged post-charge off interest. Accruing post-charge off interest is not required for membership in the class, and thus, the Plaintiff's claim is not based on the same legal theory as potential members. See Romberio v. Unumprovident Corp., 385 Fed. App'x 423, 431 (6th Cir. 2009) ("Where a class definition encompasses many individuals who have no claim at all to the relief requested, . . . the typicality premise is lacking."); see also Richard v. Oak Tree

10

Group, Inc., No. 1:06-cv-362, 2007 WL 1238899, *4 (W.D. Mich. Apr. 27, 2007) ("Plaintiffs' receipt of the letter and demand for damages premised upon that receipt thus sets them apart from the members of the proposed class, since receipt of the letter is not required for membership in that class."). Accordingly, the Court finds that the Plaintiff cannot establish his claims are typical of the class.

*4.    Adequacy of Representation*

A court may not certify a class unless it finds that the representative parties "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). Representative plaintiffs also must demonstrate a commitment to vigorously prosecute the interests of the class. "The adequacy of representation requirement 'overlaps with the typicality requirement because a class representative has no incentive to pursue the claims of the other class members absent typical claims.'" Isabel v. Velsicol, No. 04-2297 DV, 2006 WL 1745053, at *7 (W.D. Tenn. June 20, 2006) (citing In re AM Med. Sys., Inc., 75 F.3d at 1083).

The Court finds that the Plaintiff cannot adequately represent the interests of the entire class for the same reasons as stated directly above. Specifically, the Plaintiff's claim is premised on the allegation that the Defendant charged post-charge off interest to the Plaintiff's account without having authorization to do so. However, the definition of the class does not require that members' accounts were charged post-charge off interest. Thus, while the Plaintiff attempts to prove his own case, it will do little to help the other members in the class.

The Defendant also argues that Plaintiff is not an adequate representative because of his medical conditions. Specifically, the Defendant argues that the Plaintiff suffers from both short-term and long-term memory loss and that one district court has found that such conditions could preclude an individual from being a class representative. See Dotson v. Portfolio Recovery

11

Assoc. LLC, No. 2:08-cv-3744, 2009 WL 1559813, at *4 (E.D. Pa. June 3, 2009). In <u>Dotson</u>, however, the court found that because "plaintiff's cognitive impairment is relevant to whether he was deceived, the issue is likely to become a major focus of litigation." <u>Id.</u> Although the Court has some concern that the Plaintiff was unaware of the Defendant's Offer of Judgment, the Court finds that it does not need to address this issue since it has already found that the Plaintiff is not an adequate class representative. Accordingly, for the reasons explained above, the Court finds that the Plaintiff cannot establish that he is an adequate class representative.

**B.      Rule 23(b)(3)**

Even assuming that the Plaintiff's proposed class satisfied the requirements of Rule 23(a), the Plaintiff must also demonstrate compliance with one of the types of class actions specified in Rule 23(b). Here, the Plaintiff seeks to certify the class in accordance with Rule 23(b)(3), which requires proof of superiority and predominance. For the reasons that follow, the Court finds that the Plaintiff failed to demonstrate either of these criteria.

*1.      Superiority*

A class action is superior in circumstances "where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individuals suits for damages, [and thus] aggrieved persons may be without any effective redress unless they may employee the class-action device." <u>Young</u>, 693 F.3d at 545 (quoting <u>Deposit Guar. Nat'l Bank v. Roper</u>, 445 U.S. 326, 339 (1980)). A class action is not the superior method of adjudication if a court must make individual inquiries. <u>Id.</u> In situations where class members are unaware of a violation of the law, and thus are unlikely to file individual suits, a class action may be superior to properly vindicate rights. <u>Id.</u>

The Court finds that a class action is not the superior method for fair and efficient adjudication. In arguing that a class action is the superior method for adjudication, the Plaintiff submits, "The claim rests on the predominate issue of PRA's practice of adding interest." [Doc. 45 at 10]. Again, as the Court has explained, this is not the predominate issue of the proposed class. Even if it was the predominate issue, the Court notes that it would be required to engage in many individualized determinations as to the proposed class members such that a class action would not be a superior form of adjudication. Accordingly, the Plaintiff's argument is not well-taken.

*2. Predominance*

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as whole predominate over those issues that are subject to only individualized proof." Young, at 693 F.3d at 544 (quoting Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352-53 (6th Cir. 2011)) (other citations omitted). Moreover, "While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will *predominate* over individual issues." Id. (Emphasis in original).

The Court finds that the Plaintiff cannot satisfy the predominance requirement for many of the same reasons that he fails to meet the commonality and typicality requirements. Specifically, the Plaintiff's proposed class creates numerous individual issues that predominate over any common issues of fact and law. In his Memorandum, the Plaintiff states, "[P]redominance of whether or not PRA's practice of adding interest to accounts it deemed collectible violates the FDCPA is perhaps one of the best examples of an issue that predominates over other issues." The Plaintiff fails to take into account that adding interest to an account is not

a prerequisite for joining the class. Even if adding interest was an issue, the Court agrees with the Defendant in that individualized issues would dominate in this case. For example, as explained above, the Court would have to review each agreement between the original creditor and the Defendant to determine whether adding interest was even authorized. Accordingly, the Court finds that the Plaintiff's arguments to be not well-taken.

## V. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that Plaintiffs' Motion to Certify Class, Appoint Plaintiff as Class Representative and His Counsel as Class Counsel [**Doc. 44**] be **DENIED.**

Respectfully submitted,

_Bruce Guyton_
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).