UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT PRITCHARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-293-TAV-HBG |
| | ) | |
| PORTFOLIO RECOVERY ASSOC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation of Magistrate Judge H. Bruce Guyton, entered on April 13, 2016 [Doc. 65] (the "R&R"), which addresses Plaintiff's Motion to Certify a Class, Appoint Plaintiff as a Class Representative and His Counsel as Class Counsel [Doc. 44]. The parties briefed the issue and appeared before the magistrate judge for a hearing. After considering plaintiff's request, Magistrate Judge Guyton recommends that the Court deny plaintiff's motion. Plaintiff filed objections to the R&R [Doc. 66], and defendant responded [Doc. 67]. For the reasons that follow, plaintiff's objections [Doc. 66] will be overruled and his motion [Doc. 44] will be denied.

**I.      Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). In addition, "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in the objections to magistrate judge's report and recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis[1]

Plaintiff asserts the following three objections:[2] (1) a modified class definition would cure the deficiencies on which many of the magistrate judge's findings are based; (2) there is no need to make individual review of contracts relating to the debts defendant acquired because plaintiff's allegations assume there may be a contractual right to charge

---

[1] The Court presumes familiarity with this action and the R&R issued in this case [Doc. 65].

[2] Plaintiff does not succinctly describe his objections as such, but the Court accepts defendant's characterization of the objections [Doc. 67 p. 4].

interest; and (3) plaintiff satisfied the numerosity requirement and, if not, plaintiff should be granted access to defendant's information so it can make such a showing.

As to the first argument, plaintiff points out that the R&R states that there are problems with the commonality, typicality, adequacy, superiority, and predominance requirements of certifying a class because the class definition does not include interest [Doc. 66 p. 3]. Plaintiff does not object to any of the magistrate judge's findings in this regard and does not point to a single error in Magistrate Judge Guyton's analysis or conclusions. Rather, plaintiff proposes that the definition of the class be modified to require that the person had interest added to the account [*Id.*]. Plaintiff, however, fails to state what the new class definition would be and to explain how the new definition would satisfy the requirements of Rule 23. Instead, plaintiff states that "if the definition needs to be modified to require that the person had interest added to the account, then Plaintiff proposes that the definition be modified," and such a modification "would cure the issues raised by the R&R in regards to commonality, typicality, adequacy, superiority[,] and predominance" [*Id.* at 4].

As an initial matter, the Court notes that that plaintiff is requesting to start over with a new class definition. Plaintiff did not present this argument before the magistrate judge and has not suggested that there are any "compelling reasons" to justify raising this new argument for the first time. *See Murr*, 200 F.3d at 902 n.1. While plaintiff notes that he "advised the Court during oral argument that he did not object to modifying the class definition to include a requirement of interest being reported by [defendant],"

3

plaintiff never actually requested leave to make such a modification on December 10, 2016, and did not argue before the magistrate judge that the Rule 23 requirements would be satisfied under a modified class definition [Doc. 66 p. 3]. In fact, plaintiff emphasized that he did not need to make any modifications to the class throughout his briefing, including in his reply brief [Doc. 59 pp. 1, 9–10]. Furthermore, during the March 1, 2016, telephonic conference, the magistrate judge "inquired . . . if there are any requests for leave to make additional findings," but the parties advised that the matter was ripe for a decision [Doc. 64]. Plaintiff has not presented a compelling reason, or any reason at all, for the delay in requesting this modification.

Plaintiff points to the Fifth Circuit's decision in *In re Monumental Life Insurance Co.*, 365 F.3d 408 (5th Cir. 2004), to support the contention that the Court should redefine his proposed class. In *Monumental Life*, the Fifth Circuit noted that "[h]olding plaintiffs to the plain language of the class definition would be overly formalistic." *Id.* at 414; *see also Powers v. Hamilton Cty. Pub. Defs. Comm'n*, 501 F.3d 592, 659 (6th Cir. 2007) (citing *In re Monumental Life Ins. Co.*, 365 F.3d at 414) (recognizing that "district courts have broad discretion to modify class definitions"). However, in *Monumental Life*, the plaintiffs had originally alleged and defined a proposed class, but "in their motion for certification, plaintiffs narrowed the class." *In re Monumental Life Ins. Co.*, 365 F.3d at 413. The Fifth Circuit found that holding the plaintiffs to the broader class definition as alleged in the complaint "would be overly formalistic," especially because

4

the "[d]efendants were provided with adequate notice and discovery by which to argue that the narrowed class cannot be certified." *Id.* at 414.

Plaintiff's reliance on *Monumental Life* is misplaced. Unlike in *Monumental Life*, where the plaintiffs made clear that they were narrowing the definition of the class in their motion to certify, here, plaintiff only advocated for his new class definition in his objections to the R&R. *Id.* at 413. For that reason, defendant did not have adequate notice and discovery to argue against the narrowed class.

In addition, plaintiff merely assumes in his objections that a modification to the definition of the class will "cure the issues raised by the R&R in regards to commonality, typicality, adequacy, superiority[,] and predominance" [Doc. 66 p. 4]. Such a statement is "conclusive" and constitutes the type of objection that "do[es] not warrant *de novo* review." *See Mira*, 806 F.2d at 637.

The magistrate judge actually contemplated a situation where interest accrual was a prerequisite to membership in the class and determined that "[e]ven if adding interest was an issue . . . individualized issues would dominate," and "a decision for Plaintiff would not necessarily resolve the issue for others," in part because "the Court would have to review each agreement between the original creditor and the Defendant to determine whether adding interest was even authorized" [Doc. 65 pp. 9–10]. Plaintiff does not address this finding. While plaintiff states that a review of each class member's account agreement is unnecessary, he does not explain why the magistrate judge is mistaken about the need to review "each agreement between the original creditor and the

5

Defendant" [*Id.*; *see also* Doc. 66]. Furthermore, in the underlying briefing, defendant addressed a situation where the class was redefined and argued that a redefined class would not satisfy Rule 23 for many reasons—none of which plaintiff addresses in his objections [*See* Doc. 53; Doc 66; Doc. 67 pp. 14–15].

While the Court has "broad discretion to modify class definitions," the Court declines to modify such a definition when the plaintiff first requested the Court do so while objecting to the magistrate judge's R&R, and when plaintiff failed to address concerns regarding the proposed change raised by the magistrate judge and defendant. *Powers*, 501 F.3d at 659. The Court, therefore, will not change the confines of the class plaintiff seeks to certify.

As plaintiff did not address or object to the magistrate judge's findings on the issues with commonality, typicality, adequacy, superiority, and predominance, regarding the previously defined class, the Court will not revisit those findings. Accordingly, plaintiff's first objection is overruled. Because the Court overrules the first objection, it need not address the remaining objections as the Court's decision on the first objection is determinative.

### III. Conclusion

Accordingly, upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. The plaintiff's objection [Doc. 66] is **OVERRULED.** The Court **ACCEPTS in whole** the R&R [Doc. 65] and incorporates it into this Memorandum Opinion and Order. The Court **DENIES**

Plaintiff's Motion to Certify a Class, Appoint Plaintiff as a Class Representative and His Counsel as Class Counsel [Doc. 44].

On June 23, 2016, the Court issued an Order staying this action pending a ruling on the R&R [Doc. 69]. In light of the Court's ruling on this matter, the Clerk of Court is **DIRECTED** to **LIFT** the stay in this case. Trial in this action is reset for **Monday, July 17, 2017, at 9:00 a.m.**, and the final pretrial conference is reset for **Monday, July 10, 2017, at 1:30 p.m.** All deadlines set forth in the Court's scheduling order [Doc. 47] shall be calculated from the date of this order or the date of the trial, as applicable.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      CHIEF UNITED STATES DISTRICT JUDGE